UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:13-mj-1087-JRK

FREDERIC CILINS

### **UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 25, 2013, this Court held the continuation of the hearing on the United States' Motion for Pre-Trial Detention of Defendant Frederic Cilins. During that hearing, the undersigned generally mentioned additional cases and instances in which defendants subject to electronic monitoring had fled in response to Defendant Cilins's citation of several high profile defendants who were released on bond.

By way of supplemental authority, the United States provides Exhibit 1, which includes a list of defendants who have fled while subject to electronic monitoring. Of course, the list is not exhaustive but is merely meant to demonstrate the many instances of defendants who have successfully evaded electronic monitoring.

Further, Defendant Cilins cited to instances in which defendants with significant financial resources were granted bail pending trial, including United States citizen Bernard Madoff (Case No. 1:09-cr-00213-DC-1, S.D.N.Y.).[1] In Defendant Madoff's case, the United States did not initially seek pre-trial detention

---

[1] Although an expedited transcript has been ordered, the United States has not yet been able to obtain a copy and does not have a complete list of the other defendants cited by Defendant Cilins.

and instead agreed to strict bond conditions.  It was only when Defendant Madoff failed to comply with those conditions that the Government sought to have Defendant Madoff detained.  *See* Composite Exhibit 2 (comprised of Appeal of Magistrate Judge Decision Letter Brief, attached exhibits excluded, and United States District Judge Lawrence M. McKena's Order on the same).  Further, while Defendant Madoff was not detained on the Government's appeal, his conditions were limited even further.

Defendant Cilins also cited to a case from this District, *United States v. Wesley Trent Snipes*, Case No. 5:06-cr-22-OC-10GRJ.  Defendant Snipes bore a United States passport and appears to have been a United States citizen as well. (*See id.* Docket Entry "DE" 88).  In his case, the United States did not seek detention pre-trial but rather sought release conditions.  (*See* Exhibit 3, DE 58). While Defendant Snipes was permitted international travel, it was strictly monitored to satisfy pre-existing contractual obligations that required said travel.  Further, despite being granted permission to travel to complete work on two films, Defendant Snipes violated the conditions of his release by traveling to Dubai in 2008.  (*See* Exhibit 4, DE 512).  His unauthorized travel was documented by media accounts that showed Snipes as a guest at a party in Dubai.  (*Id.*).  After this unauthorized travel was discovered, the United States requested the Court deny Defendant Snipes's release pending his appeal and deny his motion for further travel.  (*Id.* at 11).

The Honorable Court in the Middle District of Florida ultimately permitted Defendant Snipes further travel but in its Order, referenced the Pretrial Services Officer's Petition for Action on Conditions of Pretrial Release, which requested an Order directing Defendant Snipes to return to the United States upon learning of his unauthorized travel. (*See* Exhibit 5, DE 520 at 2). Thus, while Defendant Cilins has cited to Defendants Madoff and Snipes as successful release candidates in an attempt to liken himself to these celebrity defendants, both Madoff and Snipes violated conditions of their release. Further, both were United States citizens and extremely high profile defendants. In addition to the Court, pretrial and, in the case of Defendant Madoff, a security firm, monitoring them, the press closely monitored their movement. In fact, it was press accounts that revealed Defendant Snipes's unauthorized travel to Dubai.

Although a man of significant wealth and resources, Defendant Cilins lacks the celebrity status of either Madoff or Snipes and has the ability to disappear if released pending trial without the press or the general public recognizing him. Further, the city in which he seeks to reside (Miami) is a border city just 90 miles away from Cuba's borders.

        Respectfully submitted,

        ROBERT E. O'NEILL
        United States Attorney

By:   *s/ Kelly S. Karase*
       KELLY S. KARASE
       Assistant United States Attorney
       AUSA No. 134
       300 North Hogan Street, Suite 700
       Jacksonville, Florida  32202-4270
       Telephone:   (904) 301-6300
       Facsimile:   (904) 301-6310
       E-mail:   Kelly.Karase@usdoj.gov

U.S. v. Frederic Cilins                                           Case No. 3:13-mj-1087-JRK

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michelle Smith, Esq.

I hereby certify that on April 26, 2013, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participant(s):

    None.

*s/ Kelly S. Karase*
KELLY S. KARASE
Assistant United States Attorney
AUSA No. 134
300 North Hogan Street, Suite 700
Jacksonville, Florida  32202-4270
Telephone:      (904) 301-6300
Facsimile:        (904) 301-6310
E-mail:      Kelly.Karase@usdoj.gov